# EXHIBIT 14



U.S. Immigration and
Customs Enforcement



# ICE Fourth Amendment and Policy Refresher

ICE 2014-FOIA-04070.004640



# Administrative Warrants

- Not issued by a neutral and detached judicial officer
- Issued by immigration officials
- Not the same authority as a criminal arrest or search warrant – do not authorize entry of a target's residence, a trespass to collect evidence [Jones] or location that affords a REP
- Immigration enforcement – hot button topic; closely scrutinized – important to comply with the Constitution, court decisions and policy
- Courts – cannot always be counted on to support our positions
- Increasing use of criminal warrants



U.S. Immigration and
Customs Enforcement



# Fugitive Alien

- An alien who -
- Has failed to comply with a final order of deportation, removal or exclusion or
- Has failed to report or appear as demanded by ICE
- Main goal of NFOP – reduction of the national fugitive alien backlog
- ICE policy [12/8/09 AS memo] – final orders of removal should be enforced and those who knowingly disobey or evade a final order of removal should be apprehended and removed



U.S. Immigration and Customs Enforcement



# Surveillance

(b)(7)(E)

- 
- 
- 
- 
- 
- 
- 
- 



U.S. Immigration and Customs Enforcement



# Curtilage

- A concept from an earlier time but still relevant
- Closely related to the high level of REP in a home or residence
- Protects families and personal privacy in an area linked to the residence
- Four (4) key factors to consider
- Back yard – has a higher level of REP than front
- Generally does not prevent right to access a residence [trespass to collect evidence?]
- Without consent/warrant – never permissible to enter an area with a locked gate or climb over a privacy fence
- Open fields – unoccupied/undeveloped; no REP [Jones]



U.S. Immigration and Customs Enforcement



# Consent

- Established exception to the warrant requirement/major litigation issue
- Must be given by adult with actual or apparent authority
  - Must have good faith belief the person is an adult with apparent authority
  - No duty to investigate unless reason to question age/authority
- Actual authority – owner, renter, co-tenant, hotel/motel guest [someone with REP in the object of the search]
- Apparent authority – constitutional requirement [Illinois v. Rodriquez (1990)]
- Consent giver – must be at least 18 YOA [policy]
- Common authority – husband/wife; co-tenants [U.S. v. Matlock (1974)]
  - Mutual use of property
  - Joint access and control for most purposes
  - Not to be inferred from a mere property interest [someone with REP]
  - U.S. v. Shelton (5th Cir. 2003) – consider all factors; assumption of the risk
- Consent must be voluntary/not the result of coercion [Schneckloth (1973)]
- Must have consent to enter and to search/look around



U.S. Immigration and Customs Enforcement



# Consent

- Be aware of factors that may result in coercion – number of officers at door; weapons displayed; tone of voice; language that is demanding/ commanding
- Ruses – permissible as long as not coercive
  - Deliveryman, hit and run investigator, restaurant customer - OK
  - Intruder, gas leak – not OK [recent adverse decisions]
- Consent-giver need not know of right to refuse – just one factor
- Always obtain a verbal expression of consent
- Scope of consent – objective standard [Florida v. Jimeno (1991)]
- The burden is always on the government to prove that consent was given voluntarily





# Consent

- Where consent to search for T has been obtained – search must terminate when the T has been located – unless:
  - Further consent is obtained
  - A basis for a protective sweep can be articulated
  - Exigent circumstances – extremely rare
- Withdrawal/revocation of consent
  - OK until T is seen by officers
  - Not just consent-giver – other with equal authority [Randolph v. Georgia]
  - What to do if faced with consent/refusal to consent – contact AUSA for search warrant
- Important to communicate discovery of T to FOT members
- Document/record required info on FOW and I-213
- See HB:16-17 and 1/19/10 AD memo



U.S. Immigration and Customs Enforcement

ICE.2014-FOIA-01578.004956



# Protective Sweep

- Allowed only if there are articulable facts warranting a reasonable belief there is a person posing a danger to officers/others on the scene [MD v. Buie (1990)] / Hassock
- Limited, cursory search for that person/threat
- May last no longer than necessary to dispel suspicion of danger or to complete the arrest [including IDs/checks]
- Does not authorize the opening of locked doors
- Permits search of places where a person might hide
- Not automatic and not for "officer safety" only
- Learn as much as possible about the criminal record and background of the T and others at the residence



U.S. Immigration and Customs Enforcement

ICE.2014-FOIA-01578.004957



# At the Time of Arrest

- Comply with 8 CFR 287.8(c)(2)(iii)
  - ID yourself as an immigration officer authorized to execute an arrest
  - State that the T is under arrest
  - State the reason for the arrest (warrant for removal)
- Ask the 3 questions – medicine/medical issues; travel documents; responsible for kids [HB:18]
- Suggestion –combine 287.8(c)(2)(iii) notice with the 3 questions into a standard litany
- Comply with juvenile policy



U.S. Immigration and
Customs Enforcement

ICE.2014-FOIA-01578.004958



# Prosecutorial Discretion

- Need to carefully allocate limited detention resources
- Those resources are to be focused on fugitive aliens, previously removed aliens, removable aliens convicted of crimes and those subject to mandatory detention
- Should not detain aliens who are physically or mentally ill, disabled, elderly, pregnant, nursing or sole caretakers of children or the infirm [HB:19]
- Otherwise, need FOD approval and SEN to HQ [12/8/09 AS memo]



U.S. Immigration and
Customs Enforcement

ICE.2014-FOIA-01578.004959



# Place of Employment

- To execute an admin warrant, entry is permitted into the public area of a business where no REP exists
  - Public area – waiting room, area at counter in restaurant
  - Non-public – work area of warehouse, industrial shop at a plant/mill, or kitchen of a restaurant
- Obtain consent from person with authority in order to enter non-public areas
  - Construction site – general contractor; not the foreman of crew pouring cement
  - Restaurant – manager/asst manager; not hostess/waitress



U.S. Immigration and
Customs Enforcement

ICE.2014-FOIA-01578.004960



# Search Incident to Arrest

- Lead case – <u>Chimel v. California</u> (1969)
- Upon arrest authorizes an officer to search the arrestee for weapons [resist/escape] and destructible evidence
- Also authorizes search of area within the immediate control of the arrestee
- <u>New York v. Belton</u> (1981) – arrest of vehicle occupant permits SIA of passenger compartment of car and any containers therein
- <u>Arizona v. Gant</u> (4/21/09) – limited vehicle SIA
    - <u>Gant</u> – possible impact on <u>Chimel</u>?



U.S. Immigration and Customs Enforcement



# Vehicle Stops

- Vehicle stops permitted by those with FLETC training
- Vehicles must meet state emergency equipment requirements
- ERO officers are not permitted to engage in vehicle pursuits – whether high-risk or low-risk
- SIA / scan interior
- HB:17



U.S. Immigration and Customs Enforcement



# Consensual Encounters

- One of 3 types of encounters a person can have with a LEO [others – investigative detention/<u>Terry</u> stop and arrest]
- OK for a LEO to approach a person in a public place and ask if he/she willing to answer questions
- The subject must retain freedom to decline to answer questions, terminate the encounter and leave
- OK to go to residence and ask if person will answer questions or provide consent to enter
- INA 287(a)(1) – power to interrogate an alien
- 8 CFR 287.8(b)(1) – authority to ask questions of anyone as long as the person's freedom to walk away has not been restrained



U.S. Immigration and Customs Enforcement



# Investigative Detention

- The second of the 3 types of encounters [Terry v. Ohio (1968)]
- The LEO must have a reasonable, articulable suspicion that criminal activity is occurring
- Should be temporary in nature, diligently pursued and last no longer than needed to resolve the reason for the stop
- Be careful that the encounter does not turn into an arrest before probable cause has been established
- 8 CFR 287.8(b)(2) – an immigration officer with reasonable suspicion, based on specific, articulable facts may briefly detain for questioning one suspected of federal criminal activity or of being an alien illegally in the U.S.



U.S. Immigration and Customs Enforcement



# Enforcement Near Sensitive Locations

- Absent exigent circumstances, other LE action or prior approval – no enforcement action at a sensitive location



(b)(7)(E)

- Exceptions

U.S. Immigration and Customs Enforcement



# Hot Pursuit

- Five (5) requirements:
  - Probable cause to arrest for a serious offense
  - Immediate or continuous pursuit
  - From a public area to a residence/trailer/etc.
  - Probable cause that the suspect has entered that structure
  - Existence of exigent circumstances – weapon [threat to officers/public]
- Administrative warrant – not a serious offense
- Two situations where may apply for ERO officers –
  - Chase of armed, violence-threatening alien to residence
  - INA 287(a)(5) - Serious federal offense committed in the officer's presence  [ex: bank robbery]
- BUT - always consider officer safety issues before entering



U.S. Immigration and
Customs Enforcement



# Criminal Warrants

- Being used more frequently by ERO – Detroit, NYC, Houston
- Criminal arrest and/or search warrant – resolve with AUSA
- Criminal arrest warrant – provides authority to enter a residence where the defendant lives when there is reason to believe he/she is present [Payton]
- Arrest warrant / complaint / affidavit – must set forth probable cause that an offense was committed by the defendant
- Search warrant / application / affidavit – probable cause that evidence of a crime and/or the T will be found there
- Search warrant – governed by Rule 41, FRCrimP
- [daytime hours / USMJ – state COR / objects of search]
- Have examples available – may have to prepare all forms



ICE.2014-FOIA-01578.004967



# Criminal Warrants

- Timely coordinate with USAO for arrest and/or search warrant
  - Know USAO and who/how to contact
  - Show the AUSA samples ahead of time; more likely to assist
  - Use samples used in past by other officers/AUSAs
  - At first, save requests for priority fugitives/targets
- Special factors for search warrants
  - Must particularly describe place to be searched/person or things to be seized
  - Must execute the warrant within specified time, no longer than 14 days
  - Must prepare and verify an inventory of any property seized
  - Must leave copy of warrant and receipt for the property taken
  - Must promptly return to the USMJ designated on the warrant



U.S. Immigration and
Customs Enforcement



# Plain view

- Original intrusion must be lawful [ex: consent entry]
- Observed while the officer is confining activities to permissible scope [ex: looking for T or conducting a protective sweep]
- Must have lawful right of access to the object
- Must be immediately apparent [p/c standard] that item is contraband or evidence of crime [ex: drugs]
- What does this mean for you?
- How often do plain view seizures occur?
- Problems: no policies re: custodians/storage



U.S. Immigration and Customs Enforcement



# Assisting Other Law Enforcement

- Know your authority – which agency is assisting another?
- If your operation, do not have other agencies take the lead; make sure the LEOs know your authority and what you can/cannot do, although they will operate under their policies and procedures
- You do not want deputy marshals knocking down doors, or local officers tasing your target or doing a health and welfare check
- As federal officers you have the authority to assist any other LEA whether federal, state or local
- If the operation and authority is that of the other LEO, let them take the lead while you take a peripheral role
- Try to assist other agencies rather than piggy-back on their authority [ex: USPO - come pick these suspected aliens up]
- Probation/locals – assist them as translators/back-ups



U.S. Immigration and Customs Enforcement

ICE.2014-FOIA-01578.004970



# Why the 4th Amendment Matters

- TRO's/injunctions against ERO operations
- Possible civil liability against the agency and/or officer
- OPR investigation/potential Giglio problems
- Other – criminal prosecution for egregious violations [18 USC 2236]



U.S. Immigration and Customs Enforcement



# THE END

(b)(6),(b)(7)(C)

843-745- (b)(6),(b)(7)(C)



U.S. Immigration and
Customs Enforcement