Case 1:20-cv-10625-RA Document 84 Filed 05/16/23 Page 1 of 2

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 11, 2023

**<u>BY ECF</u>**

The Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Immigrant Defense Project, et al. v. U.S. Dep't of Homeland Sec., et al.*, No. 20 Civ. 10625 (RA)

Dear Judge Abrams:

This Office represents the defendants in the above-referenced case brought by plaintiffs Immigrant Defense Project and Center for Constitutional Rights (collectively, "Plaintiffs"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I write respectfully in response to the Court's order requiring Defendant U.S. Immigration and Customs Enforcement ("ICE") to explain its statement in the joint status letter that "it would be extremely burdensome for ICE to process emails first and then have to go back to locate the attachments if Plaintiffs request them at a later date." *See* ECF No. 82.

The additional documents that ICE has collected following the Court's summary judgment decision have been uploaded into ICE's Relativity system for purposes of performing initial de-duplication and searches for potentially responsive documents. In order to process potentially responsive documents, ICE will need to convert these documents to images and transfer these documents to a different system, called FOIA Express. If, as Plaintiffs propose, ICE were to process emails first and attachments later if requested by Plaintiffs, ICE would initially transfer only the email images to FOIA Express. Before doing this, it would need to assign control numbers to each document on Relativity. If Plaintiffs later requested the attachments, ICE would need to go back to Relativity and search for the control number of each email to locate the attachment, pull those attachments, and transfer them to FOIA Express for processing. The burden of locating attachments, transferring them to a different system, and processing them piecemeal would increase depending on the number of attachments Plaintiffs requested each month.

Further, the burden created by this disruption to ICE's regular FOIA processes should be considered in the context of the overall workload of ICE's FOIA Litigation Processing Unit. The Unit is currently processing 156 active FOIA litigations, of which approximately 69 have rolling productions. ICE's normal processing rate in litigation is 500 pages per month, which yields a monthly litigation review of approximately 32,500 pages and an average of 13,500 pages released every month. Based on this workload, each paralegal reviews approximately 10,800 pages per

month. Ordering ICE to adopt the non-standard process described above relating to email attachments would increase ICE's overall workload and the associated burden.

Finally, and significantly, as discussed in Defendants' portion of the parties' April 18, 2023, joint letter, requiring ICE to process emails first and attachments later if requested does not ameliorate the fact that Plaintiffs' proposed search terms are overly broad in the first place—both in the context of their FOIA request and the Court's decision on the parties' summary judgment motions. *See* ECF No. 81 at 3-6; ECF No. 71 at 10-11; ECF No. 1-1. Defendants respectfully submit that the appropriate solution here is to require more reasonable search terms—not to require ICE to adopt a more burdensome process.

We thank the Court for its consideration of this letter.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/ Allison M. Rovner
ALLISON M. ROVNER
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-2691

cc: All counsel of record (by ECF)

Defendant ICE shall process emails first and subsequently process the attachments that Plaintiffs request, using control numbers in their system as necessary. Plaintiffs' other requests listed on page 3 of the parties' letter dated April 18, 2023 are denied.

The Court further agrees with Defendants that Plaintiffs' proposed search terms in conjunction with "ruse" and "NYPD," as described on page 4 of the parties' April 18 letter, are overly broad and outside the scope of the FOIA request. Accordingly, Defendants are not required to run those searches. Finally, Defendants shall process the remaining documents in this matter at a rate of 835 pages per month, which is the processing rate previously agreed to in this litigation and ordered by the Court in the related case, *Immigrant Defense Project v. CBP*, No. 22-cv-9920.

SO ORDERED.

Hon. Ronnie Abrams
June 16, 2023